UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTHA KARL,

    Plaintiff,

    v.

CITY OF MOUNTLAKE TERRACE, *et al.*,

    Defendants.

Case No. C09-1806RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion for partial summary judgment dismissing two of defendants' affirmative defenses: (1) state of limitations regarding plaintiff's claim under Title VII, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and (2) failure to mitigate damages. In response to the motion, defendants conceded that their Title VII defense lacks merit. Therefore, this order will focus on the mitigation defense.

For the reasons set forth below, the Court grants plaintiff's motion.

## II. DISCUSSION

The background facts in this matter were set forth in the Court's prior order

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

granting in part and denying in part defendants' motion for partial summary judgment (Dkt. #58) and will not be repeated here. Rather, this order will focus on the facts relevant to the mitigation defense. Plaintiff began working for the City of Mountlake Terrace (the "City") in April 2003 as the Administrative Assistant to the Chief of Police. She was subsequently involuntarily transferred to a part time "Records Specialist" position within the police department. Plaintiff was discharged from her employment in January 2009. At the time of her discharge, plaintiff was working as a .75 FTE Records Specialist with part time benefits at $23.88 per hour, which is roughly $37,245 per year.

In July 2010, plaintiff was offered a part time administrative assistant position in the Learning Resource Center at Seattle Preparatory School ("Seattle Prep"). The position was a .525 FTE scheduled at $18,354 per year with part time benefits. Plaintiff declined the job. She subsequently obtained full time employment in January 2011.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla

1   of evidence in support of the non-moving party's position is not sufficient." Triton
2   Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary
3   judgment should be granted where the nonmoving party fails to offer evidence from
4   which a reasonable jury could return a verdict in its favor." Id. at 1221.

5       As an initial matter, defendants contend that plaintiff's motion is premature
6   because the issue of mitigation will not arise unless the jury finds for plaintiff. However,
7   the purpose of summary judgment motions is to narrow the issues for trial and avoid the
8   presentation of evidence on a claim or defense that should be dismissed as a matter of
9   law. Therefore, plaintiff did not raise the issue prematurely. Defendants also contend
10  that the reasonableness of plaintiff's mitigation efforts is an issue for the jury. However,
11  the issue can be decided on summary judgment if the standard, set forth above, is met.

12      Defendants' mitigation defense focuses on a single issue: whether plaintiff failed
13  to mitigate her damages by declining the Seattle Prep job. Defendants argue that they
14  "cannot develop more evidence regarding the Seattle Prep job and ancillary benefits until
15  a trial subpoena is served because Karl revoked authorization to information
16  dissemination regarding Seattle Prep." Defendants' Response at p. 4 n.4. Defendants,
17  undisputedly, know the salary Seattle Prep offered plaintiff. As for the "ancillary
18  benefits," plaintiff's revocation did not preclude defendants from seeking that
19  information. Nor did the revocation preclude defendants from moving to compel if they
20  failed to receive the information from Seattle Prep. Therefore, even if defendants'
21  statement could be construed as a request for a continuance under Federal Rule of Civil
22  Procedure 56(d), it would be denied.

23      Having resolved those threshold issues, the Court turns to the merits of defendants'
24  mitigation defense. Title VII and Section 1983 impose on a plaintiff pursuing back pay

the burden of seeking alternate employment with reasonable diligence. Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1020 (9th Cir. 2000) (Title VII); Meyers v. City of Cincinnati, 14 F.3d 115, 119 (6th Cir. 1994) (Section 1983). As the party asserting the defense, defendants are responsible for proving a failure to mitigate. See, e.g., Sias v. City Demonstration Agency, 588 F.2d 692, 696 (9th Cir. 1978). A plaintiff need only pursue employment that is "substantially equivalent." Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982). The Seattle Prep position, which offered a salary that was approximately half of what plaintiff had been earning with the City, is not substantially equivalent. A plaintiff is not required to accept a position with a "significantly lower salary." EEOC v. Pape Lift, Inc., 115 F.3d 676, 683 (9th Cir. 1997) (noting that defendant argued that plaintiff "should accept a position similar to the one he held previously, but which offers a significantly lower salary. These arguments are simply untenable, and we reject them.").

Recognizing that the Seattle Prep position was not substantially equivalent, defendants urge the Court to hold that after unsuccessfully looking for employment for eighteen months, plaintiff should have "lowered her sights" and accepted the position anyway. Neither the Ninth Circuit nor the Supreme Court has adopted the lower sights doctrine. The Supreme Court has noted, without adopting the principle, that some lower courts have adopted it. Ford Motor Co., 458 U.S. at 232 n.16 (noting that some lower courts have indicated that "after an extended period of time searching for work without success, a claimant must consider taking a lower-paying position."). Because the higher courts have not adopted the principle, this Court declines to do so. Rather, it relies on the law of this Circuit, including *Pape*, to find that plaintiff was not required to accept a position which would have reduced her salary approximately by half. Accordingly,

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4

defendants' mitigation affirmative defense fails as a matter of law.

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion for partial summary judgment and dismisses defendants' affirmative defenses regarding timeliness under Title VII and mitigation (Dkt. #65).

DATED this 4th day of April, 2011.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5