UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTHA KARL,

    Plaintiff,

    v.

CITY OF MOUNTLAKE TERRACE, *et al.*,

    Defendants.

Case No. C09-1806RSL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE*

This matter comes before the Court on defendants' motion *in limine* to exclude various issues. As an initial matter, the Court notes that prior to filing their motions *in limine*, the parties conferred and were able to resolve several issues cooperatively, which is commendable. The remaining issues raised by defendants are discussed below.

**A.    EEOC Reasonable Cause Determination, Statements About Statistics, and the EEOC File.**

Defendants seek to exclude the EEOC's letter stating that it had "determined that there is reasonable cause to believe that the Charging Party was discriminated against in violation of Title VII on the basis of gender, in that she was selected for demotion because she had recently given birth to twins." Defendants' Motion, App. B. However,

ORDER REGARDING
MOTION *IN LIMINE* - 1

in the Ninth Circuit, an EEOC reasonable cause determination is *per se* admissible in a Title VII lawsuit. See, e.g., Plummer v. Western Int'l Hotels Co., Inc., 656 F.2d 502, 505 (9th Cir. 1981). Although defendants urge the Court to depart from Plummer, that decision is binding. Accordingly, defendants' request to exclude the determination is denied.

Defendants urge that even if the Court admits the EEOC determination, it should exclude the EEOC file, including all documents and notes, as hearsay. Neither party has submitted those documents or explained their relevance. In the absence of that information, the Court is unprepared to rule on the documents. If plaintiff seeks to introduce documents from the file during trial, she should file a motion *in limine* that includes specific documents and argument about why the documents are relevant and admissible.

Defendants also seek to preclude questions regarding "how often the EEOC makes adverse findings and related statistical information." Motion at p. 5. Plaintiff has listed the EEOC investigator as a potential witness, so there may be a proper foundation to describe the EEOC's process. That information may also be relevant if plaintiff introduces the EEOC's finding. Therefore, the Court will not exclude testimony regarding the EEOC's processes. Neither party has filed any EEOC statistical information, so it is unclear what plaintiff may offer. The Court will likely exclude evidence regarding statistics as irrelevant and potentially confusing and prejudicial.

**B.     References to the "Police Brotherhood."**

Plaintiff seeks to introduce evidence that she felt like part of the police family and how "impactful and emotionally damaging her expulsion from that brotherhood was." Response at p. 5. Defendant does not object to that testimony, but argues that plaintiff

should not be permitted to suggest or invoke the "thin blue line urban legend." Response at p. 2. Because it does not appear that plaintiff intends to invoke that "urban legend," defendants' request is denied.

**C.   Union Documents.**

Defendants seek to exclude two documents, listed in plaintiff's pretrial statement, pertaining to plaintiff's union grievance: (1) a letter from Hugill to a union representative, and (2) a letter to the union representative from a source plaintiff does not identify. Defendants also seek to exclude testimony about the documents. Plaintiff has not shown that either document is relevant. Although she argues that the fact that she filed a grievance and her lack of union rights are relevant, she can testify about those facts. At this point, the letters appear to be cumulative, potentially confusing, and unnecessary.[1]

**D.   2008 Draft Report.**

Defendants seek to exclude a draft report dated April 2008 that purports to set forth the results of a 2007-2008 survey. The draft report, consisting of 33 pages, contains the following line: "Employees are treated differently based on gender." Declaration of Joseph Schaeffer, (Dkt. #111), Ex. A at p. 12. That statement is unexplained, unattributed, and without context. Moreover, the survey was conducted before Chief Wilson began his term. Under those circumstances, the draft survey's relevance appears minimal and it could be highly prejudicial. Therefore, it is excluded.

**E.   Suit by Cynthia Caterson.**

Defendants seek to exclude testimony that Cynthia Caterson won a lawsuit against her employer, the City of Lynnwood. Plaintiff alleges that the information is relevant

---

[1] Based on the descriptions, neither document appears to be plaintiff's actual grievance, which this order does not preclude plaintiff from introducing.

ORDER REGARDING
MOTION *IN LIMINE* - 3

because Caterson was not hired by the City of Mountlake Terrace. Plaintiff states that Hugill testified that Caterson wrote a letter to the editor regarding police funerals, and as a result, she was not hired by the City. Defendants counter that Hugill testified that the letter was not the reason the City did not hire Caterson. Plaintiff's suit is not based on any alleged pattern or practice of violating employees' and/or potential employees' First Amendment rights. Rather, the jury will be asked to consider the motivations in plaintiff's particular case. Therefore, the Court will exclude evidence and testimony on this issue because it is not relevant and could be highly prejudicial.

**F.   Uncontested Issues.**

The Court will exclude, as uncontested, information regarding Chief Wilson's brother. Similarly, the Court will exclude evidence about settlement negotiations. The Court will also exclude any reference to defendants' privilege log, items therein, or to attorney client privileged matters.

Defendants have moved to exclude arguments regarding the inability to understand discrimination experienced by individuals of a different sex. They have not identified specifically what they seek to exclude with that reference, but plaintiff responds that she does not intend to offer such evidence.

**G.   Chief Smith; Wender Litigation.**

Defendants seek to exclude testimony and documents regarding why Chief Smith ended his employment with the City. Plaintiff argues that the information is relevant because her testimony in the Wender litigation contradicted Chief Smith's testimony about why he left. Even if that were true, it is irrelevant. Moreover, although plaintiff claims that her testimony on that subject was protected speech, the reasons why Chief Smith's employment ended appear to be a personnel issue, so testimony about that issue

ORDER REGARDING
MOTION *IN LIMINE* - 4

1  is unprotected.  Accordingly, the Court will exclude evidence about why Chief Smith
2  ended his employment with the City.
3    The Court does not intend to have a mini-trial on the Wender litigation and will
4  offer a limiting instruction on the issue.  Plaintiff also contends that she may call Wender
5  as a rebuttal witness.  The relevance of that testimony is now difficult to ascertain, so if
6  plaintiff seeks to call him as a rebuttal witness, she must request the Court's permission
7  and be prepared to make an offer of proof.
8    The Court will exclude news articles about the Wender litigation as irrelevant and
9  potentially confusing and prejudicial.  The parties are not precluded from questioning
10 witnesses about whether they saw media coverage about the litigation, but the news
11 articles are excluded.  The Court also excludes any testimony about the amount of the
12 settlement, although the parties can introduce evidence about the fact of the settlement
13 and its timing.
14   Finally, defendants seek to preclude introduction of the deposition transcripts from
15 the Wender litigation, and they are excluded as irrelevant from the parties' cases in chief.
16 However, each party may use them in examining witnesses if consistent with the Rules of
17 Evidence.

**H.     Merit Raises and Budget Information.**

19   Defendants seek to exclude as irrelevant evidence that City directors apparently
20 received merit raises between 2005 and 2009.  Plaintiff counters, "The fact that the City
21 directors and other higher officials, including Scott Hugill and Pete Caw, received
22 substantial raises during the same time period that they demoted Ms. Karl undercuts the
23 credibility of their arguments, and is directly relevant and admissible evidence of
24 retaliatory motivation and/or discrimination."  Response at p. 7.  Plaintiff contends that

ORDER REGARDING
MOTION *IN LIMINE* - 5

the fact that raises were given undermines defendants' assertion that her demotion was necessitated by budgetary constraints. Plaintiff has accused only Caw, Hugill, and Chief Wilson of having discriminatory and retaliatory animus towards her, and only they and City Manager John Caulfield were allegedly involved in the personnel actions against her. Plaintiff has made no foundational showing about who made the decisions to grant the raises or that those people were the same ones who made the decision to transfer plaintiff or to discharge her. In the absence of that showing, evidence about the raises is excluded as irrelevant and prejudicial.

Defendants also seek to exclude "details of [the] city budget unknown to Chief Greg Wilson," including documents related to the City Council's processes. Motion at p. 8; Reply at p. 5. Those documents, though not submitted to the Court, are likely irrelevant and potentially confusing to the jury and they are excluded on that basis. The parties may introduce evidence about the facts and documents Chief Wilson relied on and knew about.

**I.     Personnel Documents of City Officials and of Plaintiff.**

Defendants seek to exclude "performance reviews or information from reviews of Hugill, Caw, Wilson or Caulfield" as irrelevant and "collateral." Motion at p. 8. Plaintiff counters that she does not anticipate offering those documents but may seek to use them for impeachment purposes. Depending on the circumstances, the Court may allow those documents for impeachment purposes.

Similarly, plaintiff counters that other personnel documents regarding the same individuals might be "relevant to show discriminatory or retaliatory treatment." Response at p. 7. That vague statement, untethered to any specific documents, is insufficient at this time to show relevance or that such relevance outweighs the potential prejudice and the

ORDER REGARDING
MOTION *IN LIMINE* - 6

1  intrusion on employees' privacy interests.  Therefore, personnel documents will be
2  excluded absent an adequate showing of relevance.

3        Defendants also seek to exclude documents related to plaintiff's positive
4  performance under the previous Chief of Police, including performance evaluations and
5  positive letters.  Defendants argue that her prior performance is irrelevant because Chief
6  Wilson measured plaintiff's performance "against his own expectations as the new
7  Chief."  Motion at p. 8.  They also argue that the budget-driven reason to transfer her had
8  nothing to do with her performance, and her poor performance as a records specialist was
9  unrelated to her prior performance as an administrator assistant.  Defendants are not
10 precluded from making those arguments to the jury.  Moreover, plaintiff has countered
11 that defendants' reasons for the adverse actions are untrue and pretextual, and her
12 previous performance is relevant to those issues.  The fact that only a few months elapsed
13 between when Chief Wilson assumed his position, transferred plaintiff, then discharged
14 her underscores the relevance of her performance under the previous chief.  Therefore,
15 her prior performance is relevant and the Court will not exclude all of the performance
16 related documents.  However, plaintiff has listed documents dating back to 2003, five
17 years before the adverse actions in 2008, and the Court may exclude the 2003-2005
18 documents as cumulative and temporally remote.[2]

19 **J.**     **Testimony of Former City Records Specialists.**

20       The parties agree that the declaration of former records employee Cindy Thomas is
21 not admissible, but disagree regarding whether she and another former records specialist
22 should be permitted to testify.  Defendants contend that their testimony is not relevant to

---

[2] It is difficult to make a definitive ruling about the performance related documents since the parties did not submit them.

ORDER REGARDING
MOTION *IN LIMINE* - 7

1 Chief Wilson's training expectations and recommendations in 2008 when neither of the
2 two employees was working for the City.  However, according to Thomas's declaration,
3 she worked for the City until 2008, so she has experience during the relevant time frame.
4 Furthermore, the experience of other records specialists is relevant to whether Chief
5 Wilson's expectations were reasonable or whether they were unrealistic and a pretext for
6 an unlawful motive.  Therefore, the Court will not exclude the testimony of the two
7 former records specialists.

**K.     Plaintiff's Medical Records, Alleged PTSD, and Litigation Related Stress.**

Defendants seek to exclude as hearsay the treatment and billing records of therapist and nurse practitioner Ann Goett.  Defendants also seek to exclude Goett's opinion that plaintiff suffered from post traumatic stress disorder ("PTSD") because, they argue, there is no foundation for the diagnosis.  Defendants note that plaintiff's condition does not meet the definition of PTSD and that two other doctors, including plaintiff's psychologist, have opined that plaintiff did not have PTSD.  The Court will hear oral argument on this issue closer to the trial and may require Ms. Goett to testify at that pretrial hearing.

Defendants also seek to preclude plaintiff from recovering damages for litigation-induced stress.  Plaintiff concedes that she will not seek those damages, and argues that both sides should be precluded from offering evidence and testimony on the subject. "Just as a plaintiff should not recover additional damages because of litigation stress, the defense is not entitled to discount her damages simply because she brought a lawsuit and they defended the claim." Response at p. 15.  Therefore, the Court will preclude plaintiff from seeking damages for litigation induced stress, and will preclude all parties from presenting evidence or argument about the subject.

ORDER REGARDING
MOTION *IN LIMINE* - 8

**L.      The Termination and Severance Letters and Related Discussions with Counsel.**

Defendants seek to exclude the termination and severance letters given to plaintiff in January 2009, the offered and unsigned release of claims, and any reference to communications with counsel about the letters. In response to the motion, plaintiff concedes that post termination settlement negotiations are inadmissable under Fed. R. Evid. 408. She does not contest defendants' assertion that she cannot inquire about the City's discussions with its own counsel about the letters, including the fact that the City sought legal advice. The fact that a party consulted counsel as well as the content of the communications are inadmissible. See, e.g., Hickman v. Taylor, 329 U.S. 495 (1947). In their reply, defendants apparently concede that the letters themselves are admissible.

Therefore, the only remaining issue is whether the City's proffered release is admissible. Although defendants contend that it is an inadmissible settlement offer under Fed. R. Evid. 408, the Ninth Circuit has held, "Severance pay packages contingent upon a release of claims which are offered contemporaneously with the notice of termination are not covered by [Rule 408] and are admissible." Mundy v. Household Fin. Corp., 885 F.2d 542, 546 (9th Cir. 1989). The Ninth Circuit has drawn a distinction between offers that are contemporaneous with the termination of employment and offers made in the context of post-termination settlement negotiations regarding issues that have ripened into disputes. Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338, 1342 (9th Cir. 1987); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1290-91 (9th Cir. 2000). Although the briefing does not specifically address the timing, defendants apparently concede that the letters and the release were provided contemporaneously with the termination. Therefore, the Court will not exclude them under Rule 408.

ORDER REGARDING
MOTION *IN LIMINE* - 9

**M.   Other Employees' Records, Training, and Incidents.**

Defendants seek to exclude evidence regarding personnel actions against other employees. In their motion, defendants contend that plaintiff intends to elicit testimony and/or present documents about numerous other listed employees. In response, plaintiff addressed the relevance of performance based evidence regarding only a single employee: records specialist Tammy Custer. Therefore, the Court will assume that plaintiff concedes the inadmissibility of information regarding the other individuals and will focus on Custer.

Plaintiff argues that she and Custer were similarly situated, but after the two had a workplace disagreement, plaintiff was sent home and ultimately terminated, while Custer was not. Defendants' treatment of Custer is relevant to plaintiff's claim of retaliation, and the probative value likely outweighs the potential prejudice. Defendants also urge that if the Court is inclined to admit evidence regarding Custer, then the Court should limit that evidence to the six month period following plaintiff's termination. The Court agrees that information regarding Custer's employment after the six month mark, including her current performance, is of marginal relevance and could be confusing to the jury and highly prejudicial. Therefore, the Court will permit plaintiff to introduce documents and testimony regarding Custer's performance and discipline (or lack thereof) until six months after plaintiff's termination.

Defendants also seek to exclude evidence regarding the training records of other employees. It does not appear that there are any standard training manuals or documents, which the Court might admit. Rather, plaintiff intends to present "[p]ersonnel records documenting the training and disciplinary approach" the City took with other, unidentified employees. Response at p. 9. That reference is too vague to permit a

ORDER REGARDING
MOTION *IN LIMINE* - 10

definitive ruling. However, in light of the fact that plaintiff is arguing that her training and the standards imposed on her were unique, it appears, based on the limited record, that the training records of other employees may be cumulative and unnecessary. That is, plaintiff need not present scores of personnel records to prove a negative: that those records do not contain evidence that the same standards were imposed on other employees. Testimony about the training will suffice.

Defendants also seek to preclude plaintiff from testifying about conduct or incidents she did not witness. Plaintiff counters that she "is entitled to testify on other incidents of which she became aware not for hearsay purposes, (the truth of those incidents), but for other reasons such as notice, futility, and motivation." Response at p. 12. Neither party identifies those vaguely alluded to incidents, and the Court cannot imagine their relevance. Moreover, the fact that other employees may have been retaliated against or discriminated against by other decision makers is of no relevance and could be highly prejudicial. Accordingly, the Court will not permit plaintiff to testify about "other incidents of which she became aware."

**N.     Questions and Argument About "Stereotyping."**

Defendants seek to exclude testimony and questions about "stereotyping" because plaintiff must prove intentional discrimination, and because plaintiff will not offer expert evidence about stereotypes. However, the issue of stereotyping is within the understanding of a typical juror. If the witnesses questioned about the topic do not understand the terms, they can so state. Accordingly, using the term will not unduly confuse the jury.

Moreover, stereotyping based on sex is evidence of sex discrimination, Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989), and precluding plaintiff from using

ORDER REGARDING
MOTION *IN LIMINE* - 11

1 terms like "stereotype" would unfairly limit her ability to prove her case. Finally, 2 although defendants argue that plaintiff has not shown that stereotyping played a role in 3 this case, they can make that argument to the jury. The Court will not exclude questions 4 and testimony about stereotypes.

**O.   Handwritten Notes.**

During discovery, the parties apparently produced handwritten notes that defendants seek to exclude as hearsay. Without supplying or identifying the documents, the Court cannot provide a definitive ruling on their admissibility. However, the Court indicates that the notes can be admitted only if a witness properly authenticates them, a proper foundation is laid, and they are not hearsay or an exception applies. Otherwise, the notes cannot be read into the record, admitted, or referenced.

**P.   Punitive Damages: Caw and Hugill's Net Worth and the "Golden Rule."**

Defendants seek to exclude evidence regarding Caw's and Hugill's net worth. The Court excludes evidence of Hugill's net worth because he is no longer a party.

As for the City, punitive damages are not available against municipalities unless specifically authorized by statute. See, e.g., City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Plaintiff has not identified any statute that permits punitive damages against the City. Punitive damages are not available under the Washington Law Against Discrimination. See, e.g., Daily v. North Coast Life Ins. Co., 129 Wn.2d 572, 574 (1996). Therefore, plaintiff cannot pursue an award of punitive damages against the City. Similarly, as defendants request, the Court will preclude plaintiff from arguing that the jury should "teach the City a lesson" or similar arguments designed to inflame the passions of the jury.

Although individuals cannot be held liable under Title VII, see, e.g., Greenlaw v.

ORDER REGARDING
MOTION *IN LIMINE* - 12

Garrett, 59 F.3d 994, 1001 (9th Cir. 1995), Section 1983 permits an award of punitive damages against individuals.  See, e.g., Bell v. Clackamas County, 341 F.3d 858 (9th Cir. 2003).  An individual's wealth and ability to pay may be relevant considerations.  Id. at 868.  However, the Court will reserve ruling on this issue until the pretrial conference.

**Q.     References to Remedies Not Sought.**

Defendants seek to preclude plaintiff from testifying about other remedies she has never pled or sought, including an apology, changes in police department practices, etc.  Defendants argue that such testimony is irrelevant, unfairly appeals to sympathy, and is more prejudicial than probative.  The Court will rule on objections in this area as they arise at trial.

**R.     Out of Court Statements.**

Defendants seek an order precluding plaintiff from asking questions beginning with, "'Did you previously tell . . .'"  Motion at p. 16.  Because of the vague and contingent nature of this request, it is better addressed through objections during trial.

**S.     Witnesses Al Compaan and Debbie Human.**

Defendants contend that witnesses Al Compaan and Debbie Human should be excluded because plaintiff failed to disclose them in her initial disclosures or written discovery.  According to plaintiff's deposition testimony, Ms. Human interviewed her for a position with Public Works.  Al Compaan is the Chief of Police of the Edmonds Police Department and contacted Chief Wilson about plaintiff's job application.

Although defendants contend that plaintiff failed to disclose the witnesses' identities in written discovery, they do not identify any discovery request to which their identities were relevant.  Therefore, the Court will analyze the issue as a failure to supplement initial disclosures, for which the Court may impose sanctions.  Fed. R. Civ. P.

ORDER REGARDING
MOTION *IN LIMINE* - 13

26(a)(1)(A)(i); Fed. R. Civ. P. 37(c)(1)(C). It appears that plaintiff's failure to supplement was harmless because the identity of both witnesses was disclosed in depositions. Defendants have not identified any prejudice that they have suffered as a result. Accordingly, the Court will not preclude the witnesses from testifying based on the failure to supplement the initial disclosures.

For all of the foregoing reasons, defendants' motion *in limine* (Dkt. #99) is GRANTED IN PART AND DENIED IN PART as set forth above.[3]

DATED this 2nd day of June, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER REGARDING
MOTION *IN LIMINE* - 14